WILLIAM F. THORNE ET AL.

v.

THOMAS J. CRAWFORD.

1. FRAUDULENT CONVEYANCE.—Where a debtor, who was in failing circumstances and unable to pay his debts, mortgaged and transferred possession of a stock of merchandise which he then thought worth $16,000 to $17,000, together with accounts worth $2,000, (all of his available assets,) to creditors whose claim did not exceed $4,200, with power to sell and dispose of these assets, making no provision for paying out of the proceeds any debts due to his other creditors, and this was done with the intent to hinder and delay his other creditors in the collection of their debts, and appellants creditors, brought a suit in attachment against him. *Held*, that it was error in the court below, to find the issue for the defendant in attachment under the evidence introduced.

2. EVIDENCE.—Where the facts and circumstances in evidence show the

transaction to be fraudulent as against creditors, declarations under oath that it was in good faith and without fraudulent intent avail but little.

3. RIGHTS OF MORTGAGEES.—The rights of the mortgagees were not in issue and in the decision of the case were not passed on.

APPEAL from the Circuit Court of Franklin county; the Hon. D. M. BROWNING, Judge, presiding. Opinion filed November 27, 1885.

Mr. W. J. N. MOYERS, for appellant; cited Merry v. Bostwick, 13 Ill. 398; Reed v. Noxon, 48 Ill. 323; Francis v. Rankin, 84 Ill. 169; Strohm v. Hayes, 70 Ill. 41.

Mr. JAMES M. GREGG, for appellee; that a debtor may prefer one or more creditors to the exclusion of others, cited Morris v. Tillson, 81 Ill. 607; Frank v. Welch, 89 Ill. 38; Goembel v. Arnett, 100 Ill. 35; Bump on Fraud. Con. p. 178–194; Hessing v. McCloskey, 37 Ill. 342.

A mortgagee is entitled to property of value fully sufficient to cover his demand under any and all circumstances that may be expected or reasonably apprehended: Bump on Fraud. Con. 3d Ed. 46; Truitt v. Griffin, 61 Ill. 26.

GREEN, J. This was a suit in attachment commenced by appellants in the court below against the appellee. The affidavit for attachment is based on the 6th clause of the 1st section of chapter 11 Rev. Stat., and plaintiffs set up and allege therein, that Crawford is justly indebted to them in the sum of $938, on a note; that on February 5, 1885, said Crawford fraudulently conveyed his effects so as to hinder and delay his creditors. To this defendant interposed his plea in abatement, denying only the fraudulent conveying of his effects as alleged, but not denying the indebtedness. Th's issue was submitted to the court for trial without a jury. The court thereupon found for the defendant, and rendered udgment on the finding against plaintiffs for costs, from which judgment they have prosecuted this appeal. In deciding this case the only question of importance that arises is: Did the court below err in finding the issue for the defendant in attachment, upon the evidence introduced on the trial and in rendering the judg-

ment appealed from? From the evidence in the record it appears to us perfectly clear and manifest, that Crawford did fraudulently convey his property and effects, so as to hinder and delay his creditors as alleged in the affidavit. It was fully proven on the trial, that he had within two years next preceding the time of filing the affidavit, while in failing circumstances and unable to pay his debts, mortgaged and transferred possession of a stock of merchandise which *he* then thought was worth $16,000 to $17,000 together with notes and accounts amounting to from $1,500 to $2,000 (being all of his available assets) to creditors whose claims against him did not exceed $4,200, giving these creditors the power to sell and dispose of these entire assets without making any provision for paying out of the proceeds any debts due his other creditors, and he did all this too, as he testifies, with the knowledge, that thereby his other creditors would be hindered and delayed in the collection of their debts, and with the object of securing mortgagees and to place his goods out of reach of his other creditors. Other witnesses in their testimony detail admissions made by Crawford to them touching this wholesale transfer by him that still more clearly demonstrate the purpose and intent of Crawford in that transaction, and dispel every doubt that the allegations in the affidavit were true, and were fully proven. It is suggested by counsel for appellee that Crawford also testified that he made the mortgages in *good faith,* and did not intend to defraud any one, but to give a preference to these mortgagees in the payment of their debts; " but where the facts and circumstances in evidence show the transaction to be fraudulent as against creditors, declarations under oath that it was in good faith and without fraudulent intent avail but little," as was said in the opinion in Bell v. Devin, 96 Ill. 217, and while it may be that a debtor, acting in good faith, under certain circumstances can lawfully prefer one creditor in the payment of his claim to the exclusion of other creditors, yet a transaction entered into to give certain creditors the benefit of such a preference by transferring to them all the available assets of the debtor, and in value treble the amount of the preferred debts, with the power to sell and dispose of such

assets, without accounting for the proceeds and without providing for the payment of debts due other creditors out of the surplus, and coupled with an intent and purpose on the part of the debtor, in making such transfer, to hinder and delay his other creditors in the collection of their debts, is fraudulent and void. Reed v. Noxon, 48 Ill. 324; Hansen v. Dennison, 7 Bradwell, 73.

The rights of the mortgagees to which our attention is invited were not in issue; they did not become parties to the proceeding in attachment or place themselves within the jurisdiction of the court below, hence we have no jurisdiction to pass upon and determine their rights in or to the attached property; but it is the question of the intent of the defendant in attachment in conveying his property, and not the intent of the mortgagees in receiving it which is to be decided here; and in deciding this case, we do not forget that the remedy by attachment is summary and extraordinary, is unknown to the common law and purely statutory, and that a creditor, to entitle himself to the benefit of this remedy, must allege and prove that the debtor, whose property he seeks to levy upon and attach, has been guilty of at least one of the acts which under the statute renders his property liable to be seized and held, to respond to the payment of a judgment against him in favor of the attaching creditors; and we also remember that where, as in this case, a debtor has been proven guilty of one of those acts inhibited by the statute, our duty is to enforce the law for the protection of the creditor. Believing as we do that the court below erred in rendering the judgment appealed from, the same is reversed and the cause remanded.

Reversed and remanded.